UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAMEO CORPORATE
SERVICES, LTD.,

       Plaintiff,

       v.                             CASE NO. 8:05-CV-257-MAP

PROSCRIPT DOCUMENTATION
SERVICES, LLC.,

       Defendant.
_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Pursuant to F.R.C.P. 37 (doc. 29). Plaintiff asks the Court to compel Defendant's answers to their First Request for Production, First Set of Interrogatories, and Self-Executing Disclosures pursuant to F.R.C.P. 26. Defendant contends that much of the information Plaintiff seeks regards their financial worth and is not discoverable. To the extent Plaintiff requests information about Defendant's financial worth, their motion is DENIED.[1] *See Fla. Stat.* § 768.72; *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001).

Plaintiff also seeks discovery of Defendant's 2004 federal income tax return. Courts in this Circuit recognize the sensitive nature of tax returns and subject them to a heightened level of scrutiny. *See Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024 (S.D. Fla. 2005)(citations omitted). In order for this Court to compel production of Defendant's tax returns, Plaintiff must show the relevance of the information to the subject matter of the dispute and that a compelling

---

[1] Defendant's objections to Interrogatory #3, #4, #5, and #6 are valid. Defendant's objections to Requests for Production #1, #2, and #3 are valid.

need for the returns exists because the information contained therein is not "otherwise readily obtainable." *Id.* at 2 (citations omitted).  Plaintiff has not shown relevance or a compelling need.  Plaintiff's request for production of Defendant's 2004 tax return is DENIED.

In its request for production number 5, Plaintiff asks Defendant to produce "[a]ll documents in the possession of Proscript concerning, relating, or pertaining, to Cameo." Defendant objects on the grounds that the request is vague and overbroad, and seeks privileged information.  This Court does not agree that Plaintiff's request is vague or overbroad.  The parties entered into a contractual agreement in July 2002, and the alleged breach occurred around May 2004.  The information Plaintiff seeks appears to the Court to comprise less than two years of documents.  Plaintiff's request for production number 5 is GRANTED.  To the extent that any of these documents are protected by privilege, Defendant is directed to produce a privilege log pursuant to F.R.C.P. 26(b)(5).

Lastly, Defendant is directed to fulfill the requirements of F.R.C.P. 26(a)(1) in accordance with their April 20, 2005 Case Management Report.  Accordingly, it is hereby

ORDERED:

1.  Plaintiff's Amended Motion to Compel the Production of Documents, Answers to Interrogatories, and Self-Executing Disclosures (doc. 22) is GRANTED in part and DENIED in part.

DONE AND ORDERED at Tampa, Florida on this 14th day of December, 2005.

cc: Counsel of Record

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE